IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ADOL T. OWEN-WILLIAMS** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No.: RWT 12cv1828 |
| **MARYLAND MOTOR VEHICLE ADMINISTRATION**, *et al.* | * | |
| *Defendants*. | * | |

## MEMORANDUM OPINION

The above-captioned case was filed June 20, 2012, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. The Complaint concerns Plaintiff's allegations against the Maryland Motor Vehicle Administration and the Assistant Attorney General who represented the agency in prior state litigation. ECF No. 1. For the reasons following, the Complaint shall be dismissed.

The Complaint sounds in negligence and raises claims of trover, conversion, replevin and intentional infliction of emotional distress. Plaintiff states that his car was wrongfully impounded and subsequently released to an unauthorized party, Baboucar Sallah, who he describes as a career criminal. Plaintiff claims that Sallah engaged in identity theft and fraud in order to obtain Plaintiff's vehicle. He states that a claim raising the same facts raised in the instant complaint was heard by the Circuit Court for Montgomery County, resulting in a judgment in Plaintiff's favor against Sallah. *See* ECF No. 1 at p. 3, citing *Owen-Williams v. Sallah*, Civil Action #347120 (Mont. Co. Cir. Ct.). Plaintiff states, however, that Sallah was insolvent and he could not collect damages for the loss of his vehicle. Plaintiff states that during

the identity theft investigation of Sallah, all of his assets were seized by the United States Secret Service and/or Montgomery County Fraud Division of the Montgomery County Police. Plaintiff mentions, without reference to a case number, that an order was issued by this court requiring the return of his vehicle, but the vehicle was never returned.[1]

There is no federal claim raised in the Complaint; rather, Plaintiff raises only state-law negligence and personal injury claims. Where a Complaint raises both federal and state law claims, this court may exercise supplemental jurisdiction over the state law claims, but is free to decline supplemental jurisdiction where the federal claims are dismissed. *See* 28 U.S.C. §1367(c). In the instant case there is no basis for supplemental jurisdiction where no federal claim is raised. Thus, by separate Order which follows, the Complaint will be dismissed without prejudice and in forma pauperis status denied.

Date: <u>August 8, 2012</u>                                         <u>         /s/         </u>
                                                                                ROGER W. TITUS
                                                                                UNITED STATES DISTRICT JUDGE

---

[1] A review of the numerous cases filed by Plaintiff in this court has failed to reveal an Order requiring the return of his property. *See e.g., Owens-Williams v. Sallah*, Civ. Action DKC-09-2670 (D. Md.) (complaint dismissed on initial review); *Owens-Williams v. Montgomery County Circuit Court*, Civ. Action RWT-09-2076 (D. Md.) (complaint requesting return of automobile dismissed for lack of jurisdiction); and *Owens-Williams v. City of Gaithersburg*, Civ. Action No. PJM-10-185 (D. Md.) (summary judgment in favor of Defendants on all counts).